IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ABRAM SEWELL, et al.,          *

    Plaintiffs
                                              *
  v.
                                              *   CIVIL NO. SKG-12-00044

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, LOCAL NO. 333    *
et. al.,

    Defendants    *


\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*


**MEMORANDUM OPINION**

This action was brought by plaintiffs Abram Sewell, Brian Warch, and Samuel Thames for violations of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA") and breach of contract. (ECF No. 6, 1). Defendants are the International Longshoremen's Association, Local No. 333 ("Local 333"), Steamship Trade Association of Baltimore, Inc. ("STA"), Ports America Chesapeake, LLC, ("Ports America"), and Marine Terminal Corporation East ("MTC"). (Id.). Plaintiffs challenged defendant STA's "category hiring" system, alleging it was discriminatory and in violation of Local 333's collective bargaining agreement. (Id. at ¶¶ 30-48). Judgment was entered in favor of defendants on March 27, 2013. (ECF No. 67).

1

Now pending before the Court is plaintiffs' motion to "alter, amend or vacate" the judgment under Rule 59, filed on April 24. (ECF No. 73). A Motion to Intervene, filed by Ronald Barkhorn, Carrie Young, and Andre Holden, was filed on April 25, (ECF No. 72), and is addressed in a separate opinion.

## I. Standard

Under Federal Rule of Civil Procedure 59(e), within 28 days after entry of judgment a party may file a motion to alter or amend judgment. FED. R. CIV. P. 59(e). The Fourth Circuit has recognized three grounds for altering or amending a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). The purpose of this analysis is to allow a district court "to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id.(citations and quotations omitted). Relief under Rule 59 is considered an "extraordinary remedy which should be used sparingly." Id. (quoting 11 Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2810.1 (3d ed.).

## II. Analysis

The majority of arguments raised in plaintiffs' 48-page brief simply repeat those previously made and rejected by the Court. Specifically, plaintiffs repeat arguments regarding the Harvey Decree, a failure to properly pursue grievances, and the continuing violation theory. (ECF No. 73, 12-22; 24-28; 38-44). It is generally accepted that a party moving for Rule 59(e) relief "may not repeat arguments previously made during summary judgment." Markel Am. Ins. Co. v. Díaz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012); see also Robinett v. State Farm Mut. Auto. Ins. Co., 83 Fed. Appx. 638, 640 (5th Cir. 2003)(affirming district court decision to deny Rule 59 motion where movant's arguments "merely reiterated the arguments the district court considered and rejected in its original rulings."); Leftridge v. Matthews, No. ELH-11-3499, 2013 U.S. Dist. LEXIS 147189 (D. Md. Oct. 10, 2013)(rejecting Rule 59 motion that "simply rehashes arguments . . . that were presented at length in prior filings and rejected by the Court as lacking in merit."). As these arguments are simply repetitive, and do not speak to any of the three considerations relevant to a Rule 59(e) motion, they need not be addressed here.

Plaintiffs make only one argument relevant to a Rule 59 analysis. They purportedly submit "new evidence" that Local 333 "has not moved the two STA-ILA 333 grievances filed January and

3

February 2012 that encompass the entire action forward to arbitration."[1] (ECF No. 73, 3). Plaintiffs further suggest that "Riker Mckenzie [Local 333's President] has told Ronald Barkhorn they are not a top priority." (Id.). In response, defendants do not dispute that these grievances have not been moved to arbitration. (ECF No. 78, 10-11). They state that this delay is in part because of the recent resolution of Barkhorn v. Ports America Chesapeake, LLC, No. 1:10-cv-00750-SKG, a related case that challenged the same practices at issue here. (Id. at 10). Barkhorn was resolved in favor of defendants on March 29, 2013. Plaintiffs' motion for reconsideration, filed on April 26, 2013, is pending before the court.

A party seeking reconsideration based on new evidence must show: (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce

---

[1] Plaintiffs also allege serious misconduct on the part of their counsel, including a wild allegation that counsel colluded with defendants to "destroy this case and bleed Plaintiffs dry of money." (ECF No. 73, 46). Plaintiffs acknowledge that they do not have any "smoking gun" evidence to support this allegation. Id. at 12. Indeed, they present no evidence: it appears to be pure speculation. While plaintiffs may have legitimate disputes with their attorneys regarding both strategy and billing, they have presented no evidence to suggest that they experienced "manifest injustice." As defendants accurately note, "Plaintiffs fail to demonstrate what their lawyers did not do in opposing Defendants' Motion that was material to this Court's judgment, and how the outcome would be different if their Motion was granted." (ECF No. 78, 5).

4

a new outcome if the case were retried, or is such that would require the judgment to be amended. Quillin v. C.B. Fleet Holding Co., 328 Fed. Appx. 195, 203 (4th Cir. 2009). New evidence "must be of facts in existence at the time of the trial of which the aggrieved party was excusably ignorant." Gardner v. Dixon, No. 92-4013, 1992 U.S. App. LEXIS 28147 (4th Cir. 1992).[2]

Defendants' failure to take these grievances to arbitration is potentially relevant to the Court's earlier decision in favor of defendants. Before an individual may assert a claim under LMRA § 301, as plaintiffs do in their complaint, "a union must be given the opportunity to act on behalf of its member." Amburgey v. Consolidation Coal Co., 923 F.2d 27, 29 (4th Cir. 1991). Generally, a union-member may only bring a § 301 claim after the union and employer "resolve the grievance or terminate further consideration of it." McNaughton v. Dillingham Corp., 707 F.2d 1042, 1046 (9th Cir. 1983). In limited circumstances, however, a plaintiff may be excused from this requirement. One such circumstance is where exhaustion of internal procedures would "unreasonably delay the employee's opportunity to obtain a

---

[2] While Gardner dealt with a Rule 60 motion, the analysis is the same for rule 59 and rule 60. Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989)("In this circuit, the standard governing relief on the basis of newly discovered evidence is the same whether the motion is brought under rule 59 or rule 60.").

5

judicial hearing on the merits of his claim." Clayton v. Int'l Union, 451 U.S. 679, 689 (U.S. 1981).

The Court dismissed plaintiffs' contractual claims after it was disclosed, during briefing, that grievances encompassing plaintiff's allegations were recently filed and being processed by Local 333. Because plaintiffs' had not exhausted administrative remedies, the Court found that their claims were not properly in federal court. Sewell v. Int'l Longshoremen's Ass'n, No. SKG-12-00044, 2013 U.S. Dist. LEXIS 43615 at *19 (D. Md. Mar. 27, 2013). As such, new evidence, not available during briefing, that these grievances were definitively terminated or indefinitely delayed, could potentially warrant a reconsideration of the Court's decision.

The evidence presented here, however, does not qualify as "new" evidence under Rule 59. As noted supra, to be considered new for purposes of Rule 59, the evidence must be "of facts in existence at the time of trial." Gardner, 1992 U.S. App. LEXIS 28147 at *17. If the moving party can prove that this evidence was not found despite due diligence, they may move under Rule 59 for reconsideration. Id. Here, the delay presented as new evidence by plaintiffs relates only to the time period after the Court's decision.[3] Rule 59 does not allow plaintiffs to bolster

---

[3] Plaintiffs also purport to introduce as "new" evidence two EEOC determinations and a recently filed EEOC charge. (ECF No. 73, 3). The Court was well aware of one of these determinations, as it formed the basis for a

6

their case based on events occurring subsequent to judgment. Plaintiffs present no evidence that changes the landscape upon which the Court made its ruling. As such, this is not "new" evidence under Rule 59.

Even if this evidence were considered "new," however, it would not justify an alteration or amendment under Rule 59(e). First, it is cumulative; the Court was aware that these grievances had not been brought to arbitration — the final stage of the grievance process — when it entered judgment.[4] Second, as noted <u>supra</u>, to warrant reconsideration, new evidence must be "such that is likely to produce a new outcome if the case were retried." <u>Quillin v. C.B. Fleet Holding Co.</u>, 328 Fed. Appx. 195, 203 (4th Cir. 2009). In order to be excused of the exhaustion requirement under LMRA, a party must show that there has been "malicious or egregious" delay on the part of the union. <u>Walker v. Consolidated Freightways</u>, Inc., 930 F.2d 376, 382 (4th Cir. 1991). While the Court in <u>Walker</u> did not

---

separate action before the Court in <u>Barkhorn v. Ports America Chesapeake, LLC</u>, No. 1:10-cv-00750-SKG. It is unclear when the other determination or the filing of the charge occurred. Neither and EEOC charge nor an EEOC determination would qualify as "evidence." Plaintiffs present no argument as to why this "evidence" is material or as to why it was not produced earlier.

[4] As described in the Court's earlier decision, the Local 333 grievance process has three stages. First, grievances are taken before the Trade Practice Committee, where Local 333 and management have an equal number of voting representatives. (ECF No. 24-1, 11). If there is a deadlock at this stage, the grievance goes before a Committee of Six, which is similarly comprised. (<u>Id.</u>). If the Committee of Six cannot come to a majority decision, the grievance may be submitted for arbitration by either the union or STA. Defendants claim that these grievances are currently before the committee of six. (ECF No. 78, 10).

7

elaborate on what constitutes an egregious delay, one district court in the Fourth Circuit interpreting Walker has found that an approximately year-long delay in the processing of a grievance was not egregious, "particularly inasmuch as plaintiff provides no evidence that other grievances were processed more efficiently." Smith v. USW, No. 2:04-0499, 2007 U.S. Dist. LEXIS 64270 (S.D. W. Va. Aug. 29, 2007). The Smith court also noted that a two-year delay may not be considered "per se unreasonable." Id. (citing Armstrong v. Chrysler Corp., 972 F. Supp. 1085, 1090 (E.D. Mich. 1997)).

The grievances in question here were filed in January and February 2012: 15 and 14 months prior to the plaintiffs' Rule 59 motion. The Court finds that this length of time is not unreasonable. Importantly, defendants have proffered good reason for the delay in moving these grievances forward: Barkhorn v. Ports America, a case challenging the gang ordering practice at issue here, was not resolved until March 2013. It was reasonable for defendants to await the resolution of Barkhorn prior to moving grievances challenging those same practices to arbitration. A 15-month lapse between filing and arbitration under these circumstances cannot be considered egregious.[5] In addition, plaintiffs' unsupported claim that they

---

[5] It is also important to note that the union does not have an absolute obligation to bring all grievances to arbitration. A union may decline to take frivolous or clearly deficient claims to arbitration. Vaca v. Sipes,

have been told that these grievances are not "high priority," even if taken as true, does not rise to the level of "malicious" delay.

The Court notes, however, that the longer it takes to move these grievances forward, particularly now the Barkhorn case has been resolved, the stronger plaintiffs' claim becomes that the delay is unreasonable. At the time of writing it has been almost two years since these grievances were been filed, and six months since Barkhorn was decided. While there is no bright-line that demarcates when a delay becomes unreasonable, if it goes beyond two years, and defendants fail to give good reason for their decision not to move these grievances forward, plaintiffs may be able to make a persuasive argument in a new action that the delay is unreasonable.

For purposes of the instant motion, however, the Court finds that plaintiffs have not proffered "new" evidence worthy of reconsideration of plaintiffs' contract claims under Rule 59(e).

---

386 U.S. 171, 191 (1967); see also Harris v. Chemical Leaman Tank Lines, Inc., 437 F.2d 167, 171 (5th Cir. 1971). As such, Local 333 could decline to move these grievances to arbitration, as long as it can demonstrate that this decision was reasonable and made in good faith.

9

## III. Conclusion

For the reasons discussed herein, plaintiffs' motion is DENIED.

Date: 10/20/2013                    /s/
                                    Susan K. Gauvey
                                    United States Magistrate Judge