```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

**ABRAM SEWELL, et al.,**          *

      **Plaintiffs**
                              *
  **v.**
                              *   CIVIL NO. SKG-12-00044

**INTERNATIONAL LONGSHOREMEN'S**
**ASSOCIATION, LOCAL NO. 333**          *
**et. al.,**

      **Defendants**          *


\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

This action was brought by plaintiffs Abram Sewell, Brian Warch, and Samuel Thames for violations of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA") and breach of contract. (ECF No. 6, 1). Defendants are the International Longshoremen's Association, Local No. 333 ("Local 333"), Steamship Trade Association of Baltimore, Inc. ("STA"), Ports America Chesapeake, LLC, ("Ports America"), and Marine Terminal Corporation East ("MTC"). (Id.). Plaintiffs challenged defendants' "category hiring" system, alleging it was discriminatory and in violation of the Local 333's collective bargaining agreement. (Id. at ¶¶ 30–48). Judgment was entered in favor of defendants on March 27, 2013. (ECF No. 67).

Plaintiffs subsequently continued pro se, and on April 24 filed a motion to "alter, amend or vacate" the judgment under Rule 59. (ECF No. 78). This motion will be addressed in a separate opinion.

Now pending before the Court is a Motion to Intervene, submitted on April 25, 2013, by Ronald Barkhorn, Carrie Young, and Andre Holden. (ECF No. 72). For the reasons discussed herein, this motion is DENIED.

### I. Analysis

Movants seek to intervene by way of either Rule 24(a) or 24(b). The Court will consider each in turn.

**A. Rule 24(a)**

A party may intervene by right upon a showing, by timely motion, that the party:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED R. CIV. P. 24(a)(2). As such, 24(a) mandates a showing by the moving party that: 1) the application is timely; 2) the movant has an interest in the subject matter of the action; 3) disposition of the action may practically impair or impede the movant's ability to protect that interest;

and 4) that interest is not adequately represented by the existing parties.  See Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Asso., 646 F.2d 117, 120 (4th Cir. 1981).

The Court finds that movants, as members of Local 333, are affected by the challenged policies and have an interest in the subject matter of the litigation.  They have failed, however, to meet the other 24(a) factors.  The Court will address each in turn.

**1. Timeliness**

Defendants note that Mr. Barkhorn has been involved in this case from the beginning, and characterizes himself as the "[c]ase manager and investor" in the action.  (ECF No. 77, 3-4).  Because Mr. Barkhorn was aware of the action from its outset, defendants argue, his motion to intervene, which came a month following final judgment, is untimely.  (Id. at 4).  Movants argue that they attempted to intervene at several points during the litigation, but their request was not honored by their counsel.  (ECF No. 72, 3).

Timeliness is a "cardinal consideration of whether to permit intervention." Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 839 (4th Cir. 1999)(citations and quotations omitted).  In the Fourth Circuit, courts consider three factors to determine the

timeliness of a motion to intervene: 1) how far the suit has progressed, 2) the prejudice which delay might cause other parties, and 3) the reason for tardiness in moving to intervene. Gould v. Alleco, Inc., 883 F.2d 281, 286 (4th Cir. 1989).

While an entry of final judgment is not an absolute bar to intervention by right, "[t]here is considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment." Houston, 193 F.3d at 840 (quoting 7C Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1916, at 444-45 (West 1986)). Indeed, the First Circuit has held that a motion to intervene is "never timely . . . if filed after all rights to appeal have expired." Burney v. City of Pawtucket, 728 F.2d 547, 549 (1st Cir. 1983). A motion to intervene filed after judgment must make a "strong showing" to overcome the presumption that it is untimely. Houston, 193 F.3d at 840; see also Ohio Valley Envtl. Coalition v. Bulen, No. 3:03-2281, 2004 U.S. Dist. LEXIS 17439 at *10 (S.D. W. Va. Aug. 31, 2004).

Movants have failed to make this showing. Their entry into the action at this point in proceedings would cause prejudice to defendants by unnecessarily complicating and prolonging proceedings which have already been concluded. Further, while their post-judgment motion was filed before the appeal deadline and as such is not untimely per se, intervenors have failed to present any good cause for their delay.

4

As defendants' note, Mr. Barkhorn represents that he was involved in this case from its inception, and Mr. Young has been aware of the action since at least September 2012.  Their only stated reason for failing to intervene earlier is neglect on the part of their attorney.  (ECF No. 72, 3).  Even accepting this unsupported allegation as true, movants had ample time — more than a year in Mr. Barkhorn's case — to intervene independently in this matter.  A post-judgment motion to intervene "will usually be denied where a clear opportunity for pre-judgment intervention was not taken."  <u>Associated Builders & Contrs., Inc. v. Herman</u>, 166 F.3d 1248, 1257 (D.C. Cir. 1999); <u>see also Reaching Hearts Int'l, Inc. v. Prince George's County</u>, 2011 U.S. Dist. LEXIS 108405 (D. Md. Sept. 23, 2011)(denying post-judgment motion to intervene where "proposed intervenors were fully cognizant of the ongoing litigation").  Accordingly, the Court finds that the motion is untimely.

**2. Adequacy of Representation by Other Parties**

Even if their motion were timely, intervenors have failed to demonstrate that they are not adequately represented by the named plaintiffs.  Their only argument in this regard is that the original parties do not represent their interests "because under Local Rules Pro Se Plaintiffs can not represent a class or anyone other than themselves."  (ECF No. 72, 6).

5

This argument does not, however, speak to the standard for adequate representation.  An intervenor's "burden of showing an inadequacy of representation is minimal." Virginia v. Westinghouse Electric Corp., 542 F.2d 214, 216 (4th Cir. 1976). However, "when the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented." Id.  To rebut this presumption, an intervenor "must demonstrate adversity of interest, collusion, or nonfeasance" on the part of the parties in the action. Id.

The intervenors' goals exactly align with those of the current plaintiffs.  Their stated objective in joining this action is to seek a vacation of the final judgment issued by the Court in March 2013.  (ECF No. 72, 8).  This is exactly the course taken by the current pro se plaintiffs.  Indeed, Mr. Barkhorn has attempted to sign on to plaintiffs' latest motion "to Alter Amend or Vacate Judgment Rule 59."  (ECF No. 73).  While intervenors have alleged nonfeasance on the part of plaintiffs' now-dismissed attorneys, they have claimed no adversity of interest, collusion or nonfeasance on the part of plaintiffs as they now proceed pro se.  As such, the Court finds that the intervenors are adequately represented by plaintiffs.

6

### 3. Impairment of the Intervenors' Ability to Protect Their Interest

Finally, intervenors have failed to demonstrate why they must join this action to protect their own interests. As their stated goals match those of current plaintiffs, the Court assumes that their interests are two-fold: 1) injunctive relief from alleged discrimination emanating from defendants' category hiring system, and 2) "damages equal to the amount of wages and benefits lost as a result" of these alleged discriminatory practices. (ECF No. 2, ¶¶ 28-29).

As to the first objective, this interest is protected, and indeed advanced, by current plaintiffs in their motion to alter, amend or vacate the judgment entered against them. (ECF No. 73). With respect to damages, plaintiffs have not demonstrated how their interest is impaired by current plaintiffs' own pursuit of those same damages. This is not a case where a limited common fund is at stake, such that plaintiffs' victory (unlikely as it is after final judgment against them) would deplete the damages available to intervenors. Neither is it a case where current plaintiffs' objectives differ from intervenors, such that their actions may hinder intervenors' subsequent ability to pursue their interests. If anything, intervenors stand to benefit from plaintiffs' pursuit of damages.

**B. Rule 24(b)**

Under Rule 24(b), a court may allow intervention upon a timely motion showing the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Whether to permit intervention "lies with the sound discretion of the trial court." Hill v. Elec. Co. Inc., 672 F.2d 381, 386 (4th Cir. 1982). In exercising this discretion, however, a "court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Id.

Intervenors were members of Local 333 at the time the challenged practices were in effect. They allege that they have "suffered [the] same harms and loss of wages" as current plaintiffs. (ECF No. 72, 2). As such, the Court finds that they have a claim that shares a common question of law and fact with the main action.

The Court declines, however, to grant intervention in this case. While much of the analysis supra applies here, the Court emphasizes again that the intervenors' have not provided adequate justification for their post-judgment motion. Intervention after judgment not only raises timeliness issues, but "carries with it inherent procedural disruption." Usery v. Brandel, 87 F.R.D. 670, 674 (W.D. Mich. 1980); see also Ferenc v. Buchanan Marine, No. 99-9253, 2000 U.S. App. LEXIS 9977 (2d

8

Cir. May 12, 2000)(post judgment intervention "fosters delay and prejudice to existing parties."). In the absence of some justification, beyond unsupported allegations of attorney negligence, for their late intervention, the Court declines to grant intervenor's motion. See Brink v. DaLesio, 667 F.2d 420, 428 (4th Cir. 1981)(allowing post-judgment intervention when "the lateness of [movant's] application is completely explainable"); Moten v. Bricklayers, Masons & Plasterers, Int'l Union of Am., 543 F.2d 224, 227 (D.C. Cir. 1976) (noting that "cases in this Circuit permitting post-judgment intervention should not be controlling where clear opportunity for pre-judgment intervention . . . was not taken).

Ultimately, intervenors seem to want to join this case because, now that plaintiffs are proceeding pro se, they no longer have the option of being joined as class members. (ECF No. 72, 6). Nor, for that matter, do any other members of Local 333. As intervenors have no stated plans to hire counsel, however, their entry into the case would not change this fact. As already discussed, movants are adequately represented by current plaintiffs and will not be prejudiced by their absence from proceedings. To join them solely for the purposes of a motion for reconsideration would have little effect other than to unnecessarily complicate proceedings.

## II. Conclusion

For the reasons set forth herein, the Court DENIES the motion to intervene.

Date: 10/29/2013     /s/
Susan K. Gauvey
United States Magistrate Judge

.